IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

SEP 29 2004
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>PAL HEALTH TECHNOLOGIES, INC. )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO. 04-1337<br><br><br><br><br><br>**COMPLAINT**<br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to a class of female employees who were adversely affected by such practices. Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") alleges that Defendant PAL Health Technologies, Inc. ("PAL Health") discriminated against Dona Karen Sue Stratton ("Stratton"), Lori Rudd ("Rudd"), and a class of female employees by subjecting them to harassment because of their sex. EEOC also alleges that Defendant constructively discharged Stratton, Rudd and a class of female employees because of their sex, in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and

1

Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Central District of Illinois, Peoria Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been and is now doing business in the State of Illinois and the City of Pekin and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Stratton and Rudd filed charges with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least 2001 Defendant has engaged in unlawful employment practices at its facility in Pekin, Illinois in continuing violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Such unlawful employment practices include, but are not limited to, subjecting

Stratton, Rudd, and a class of female employees to harassment because of their sex and constructively discharging Stratton, Rudd and a class of female employees because of their sex.

8. The effect of the practices complained of in paragraph seven (7) above has been to deprive Stratton, Rudd, and a class of female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

9. The unlawful employment practices complained of in paragraph seven (7) were and are intentional.

10. The unlawful employment practices complained of in paragraph seven (7) above were and are done with malice or with reckless indifference to the federally protected rights of Stratton, Rudd, and a class of female employees.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make whole Stratton, Rudd, and a class of female employees by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D.  Order Defendant to make whole Stratton, Rudd, and a class of female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

E.  Order Defendant to make whole Stratton, Rudd, and a class of female employees by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

F.  Order Defendant to pay Stratton, Rudd, and a class of female employees punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial;

G.  Grant such further relief as the Court deems necessary and proper in the public interest; and

H.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

ERIC S. DREIBAND
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

_____
John C. Hendrickson
Regional Attorney

_____
Diane I. Smason
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 353-7526

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DEFENDANTS
PAL HEALTH TECHNOLOGIES, INC.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Taswell County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**FILED**
SEP 2 9 2004
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

(c) Attorney's (Firm Name, Address, and Telephone Number)
Diane I. Smason
Equal Employment Opportunity Commission
500 W. Madison, Suite 2800, Chicago, IL 60661
312-353-7526

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck |  | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | [X] 442 Employment | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  ☐ 550 Civil Rights ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 9/28/04

SIGNATURE OF ATTORNEY OF RECORD
*Diane L Smason*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____