E-FILED
Wednesday, 30 November, 2005 03:37:45 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

**FILED**
NOV 29 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. 04-1337 |
| v. ) ) ) | JUDGE MCDADE |
| PAL HEALTH TECHNOLOGIES, INC. ) ) | MAGISTRATE JUDGE GORMAN |
| Defendant. ) ) | |

## CONSENT DECREE

### THE LITIGATION

1. On September 29, 2004, Plaintiff United States Equal Employment Opportunity Commission (the "EEOC") filed its Complaint in this action alleging that Defendant PAL Health Technologies, Inc. ("PAL Health" or "Defendant") violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the Civil Rights Act of 1991 by subjecting Charging Parties Dona Karen Sue Stratton and Lori Rudd, and a class of females employees to harassment because of their sex and constructively discharging them.

2. As a result of having engaged in comprehensive settlement negotiations, EEOC and PAL Health have agreed that this action should be finally resolved by entry of this Consent Decree. This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by EEOC in this action. This decree is not an admission by any party of the claims or defenses of the other.

1

## FINDINGS

3. Having examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

    A. This Court has jurisdiction of the subject matter of this action and of the parties to this case;

    B. The terms of this Decree are adequate, reasonable, equitable and just and the rights of the Charging Parties, the EEOC, PAL Health, and the public interest are adequately protected by this Decree; and

    C. This Decree conforms with the Federal Rules of Civil Procedure and Title VII, and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the Charging Parties, EEOC, PAL Health, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

## NON-DISCRIMINATION

4. PAL Health, its directors, officers, agents, assigns, employees, and successors are permanently enjoined from (A) engaging in any employment practice which discriminates on the basis of sex; (B) engaging in or being a party to any action, policy or practice that is intended to or is known to them to have the effect of sexually harassing any female employee; and/or (C) creating, facilitating or tolerating the existence of a work environment that is sexually hostile to female employees.

5. PAL Health, its directors, officers, agents, assigns, employees, and successors shall not retaliate in any way against any person because such person has opposed any practice

2

made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under or benefited from this Decree.

### MONETARY RELIEF FOR CLASS MEMBERS

6.     PAL Health shall pay monetary damages totaling $ 350,000.00 to Erin Hill, Cara Linsley, Julie Reichel, Martie Rose, Zandra Tranchitella, Denise Turner, Teresa Wald, and Kristin Wynn (referred to collectively as "Class Members"). The division of the total monetary relief among the Class Members is as follows:

| | |
|---|---|
| Erin Hill | $50,000.00 |
| Cara Linsley | $50,000.00 |
| Julie Reichel | $50,000.00 |
| Martie Rose | $50.000.00 |
| Zandra Tranchitella | $25,000.00 |
| Denise Turner | $50,000.00 |
| Teresa Wald | $50,000.00 |
| Kristin Wynn | $25,000.00 |

7.     Charging Parties have previously settled their claims with PAL Health and will not receive any additional money as a result of EEOC and PAL Health's agreement to settle this case. PAL Health previously provided monetary damages to Stratton in the amount of $135,000.00 and to Rudd in the amount of $45,000.00.

8.     EEOC will mail a copy of the release agreement (attached hereto as Exhibit A) to each Class Member. Each Class Member must execute and return a release agreement to EEOC.

EEOC will send to PAL Health the executed release agreements it receives from the Class Members.

9. Within ten (10) business days after receipt by PAL Health of the release agreements, PAL Health shall issue and mail by certified mail a check payable to each Class Member in the amount set forth opposite her name above at the address for that Class Member provided to PAL Health by EEOC. PAL Health shall also mail copies of the checks to EEOC. PAL Health will issue IRS Form 1099's with respect to these payments.

## POSTING OF NOTICE

10. Within five (5) business days following entry of this Decree, PAL Health shall post a same-sized copy of the Notice attached as Exhibit B to this Decree in a conspicuous location easily accessible to and commonly frequented by PAL Health's employees at each of PAL Health's locations for the duration of this Decree. PAL Health shall ensure that the postings are not altered, defaced or covered by any other material. PAL Health shall certify to EEOC in writing within ten (10) business days after entry of this Decree that the copies of the Notice have been properly posted and the location of each such posting. The Notices shall remain posted for a period of three (3) years from the date of entry of this Decree. PAL Health shall permit a representative of EEOC to enter PAL Health's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

## COMPLAINT MONITOR

11. During the term of the Consent Decree, there shall be an independent Complaint Monitor, who will have the responsibility to investigate independently and confidentially any and

all complaints of sexual harassment reported to PAL Health or directly to the Complaint Monitor; make recommendations to PAL Health regarding the appropriate disciplinary or corrective action to take to resolve a complaint of sexual harassment; and maintain detailed written records of all complaints of sexual harassment, the investigation of such complaints, and the resolution of such complaints.

12. The Complaint Monitor shall be Dana Pearl from The Human Organization, Inc. In the event Ms. Pearl can no longer serve as the Complaint Monitor, PAL Health shall have thirty (30) calendar days from the date it is notified that the Complaint Monitor will be unavailable to continue his/her duties for the duration of the Consent Decree to identify to EEOC by name, address, and telephone number a new independent Complaint Monitor. EEOC shall have fourteen (14) calendar days from the date of receipt of the information described above to accept or reject the new Complaint Monitor. In the event EEOC does not approve PAL Health's proposed Complaint Monitor, PAL Health shall have fourteen (14) calendar days to identify an alternate Complaint Monitor. EEOC shall have fourteen (14) calendar days from the date of receipt of the information described above to accept or reject the alternate Complaint Monitor. In the event that the parties cannot agree upon a monitor, the dispute shall be submitted to the Court for final resolution.

13. PAL Health shall notify the Complaint Monitor of all complaints of sexual harassment reported to PAL Health and shall transmit to the Complaint Monitor all documentation of each such complaint reported to PAL Health as soon as practicable and, in any event, no later than the close of the next business day after PAL Health receives any such

complaint.

14. PAL Health shall inform all employees of the appointment and function of the Complaint Monitor, and each individual who makes a complaint (whether oral or written) to PAL Health shall receive, upon making a complaint, a written notice informing him/her of the existence and function of the Complaint Monitor. Such notice shall provide the name, telephone number and address at which the Complaint Monitor may be reached.

15. PAL Health shall fully cooperate with the Complaint Monitor in connection with his/her efforts to investigate complaints of sexual harassment, including providing prompt and reasonable access to employees, documents, and any other sources of information. The Complaint Monitor, as he/she deems it necessary or appropriate, shall have access to all PAL Health facilities.

16. In the event the Complaint Monitor determines that any employee of PAL Health, including Jeffrey Schoenfeld, President and Chief Executive Officer (hereinafter referred to as "CEO") has engaged in sexual harassment, PAL Health will take all necessary and appropriate remedial measures, as recommended by the Complaint Monitor. If PAL Health determines that additional remedial measures beyond those recommended by the Complaint Monitor are necessary and appropriate, PAL Health may take such additional remedial measures, but must at a minimum take the remedial measures recommended by the Complaint Monitor.

17. PAL Health shall be responsible for compensating the Complaint Monitor at his/her full customary rate and shall pay any and all reasonable costs and expenses of the Complaint Monitor that the Complaint Monitor deems necessary or appropriate to fulfill his/her

work as the Complaint Monitor.

## ADOPTION AND DISTRIBUTION OF REVISED POLICY AGAINST SEXUAL HARASSMENT

18. Within fourteen (14) calendar days after entry of this Decree, PAL Health shall revise its sexual harassment policy (the "Policy") as necessary to include, at a minimum:

    A. a definition of sexual harassment and examples of behavior that could constitute sexual harassment;

    B. a provision that employees can make complaints of sexual harassment orally or in writing;

    C. a provision that employees can complain of sexual harassment to any person in the chain of command above the employee, directly to human resources personnel, or to the Complaint Monitor, whose name, address, and telephone number shall be included in the Policy;

    D. a provision that an employee found to have engaged in sexual harassment will be subject to discipline, up to and including termination;

    E. a provision that employees are not required to complain of harassment to a person against whom they allege harassment;

    F. a provision that PAL Health will protect the confidentiality of harassment complaints to the extent possible;

    G. a provision that employees who complain of sexual harassment or provide information related to such complaints will not be retaliated against and that employees engaging

7

in retaliation will be subject to discipline, up to and including termination; and

   H. a provision that, promptly upon the conclusion of its investigation of a complaint, PAL Health will communicate to the complaining party the results of the investigation and the remedial actions taken or proposed, if any.

The inclusion of this paragraph in the Decree does not represent EEOC's or the Court's approval of PAL Health's policy against sexual harassment.

  19. Within twenty-one (21) calendar days after entry of this Decree, PAL Health shall distribute a copy of the Policy to all current employees and shall provide a copy of the policy to EEOC.

  20. The Policy shall be included in any relevant policy or employee manuals kept by PAL Health. The Policy shall also be posted in a conspicuous and accessible place for all employees.

  21. A copy of the Policy shall be distributed to each new employee on the day the employee is hired. The manager responsible for distributing the Policy to each new employee shall review the Policy with the employee.

## TRAINING

  22. PAL Health shall provide training on the requirements of Title VII as follows:

   A. Defendant shall retain and pay for an outside consultant/lecturer ("trainer"), approved by the EEOC, to provide training for all employees during each of the three (3) years covered by this Decree with respect to the prevention and eradication of sexual harassment from the workplace. PAL Health shall conduct separate trainings for its non-

8

supervisory employees, its supervisory employees and human resources personnel, and its CEO.

    B.    The annual training for non-supervisory employees shall include (but need not be limited to) a detailed discussion of the law, PAL Health's complaint procedure, and the role of the Complaint Monitor.

    C.    The annual training of supervisory employees and human resources personnel shall include (but need not be limited to) a detailed discussion of the law, PAL Health's complaint procedure, the role of the Complaint Monitor, the responsibility of supervisors, managers, and human resources personnel to prevent and stop sexual harassment from occurring, the response supervisors, managers and human resources personnel should take if they become aware of sexual harassment occurring at PAL Health, and the response supervisors, managers, and human resources personnel should take if they become aware of sexual harassment by the CEO.

    D.    The CEO shall receive a minimum of four (4) hours of one-on-one training annually from the trainer on the prevention and eradication of sexual harassment from the workplace. The CEO shall receive additional training beyond the minimum four (4) hours of training required each year if the trainer deems that additional training is necessary. The training shall include, but need not be limited to, a detailed discussion of the law, the causes of sexual harassment, and the effect of sexual harassment on its victims.

    E.    PAL Health shall first provide training to all employees, including the one-on-one training for the CEO, within ninety (90) calendar days of the entry of this Consent Decree.

      F.    A registry of attendance for each training shall be retained by PAL Health for the duration of the Consent Decree.

    23.    PAL Health shall obtain EEOC's approval of its proposed trainer prior to each year's set of training sessions. PAL Health shall submit the name, address, telephone number, resume, and training proposal of the proposed trainer, including all materials anticipated to be distributed during the training, together with the date(s) of the proposed training sessions to EEOC within thirty (30) calendar days prior to the first day of the proposed date(s) of training. EEOC shall have fifteen (15) calendar days from the date of receipt of the information described above to accept or reject the proposed trainer(s). In the event EEOC does not approve PAL Health's designated trainer(s), PAL Health shall have thirty (30) calendar days to identify an alternate trainer. EEOC shall have fifteen (15) calendar days from the date of receipt of the information described above to accept or reject the alternate trainer. In the event EEOC does not approve PAL Health's alternate trainer, and the parties cannot agree upon a trainer, the dispute shall be submitted to the Court for final resolution. Even though EEOC has approved of or designated a trainer for one year, it is not required to approve of or designate the same trainer for future training sessions.

    24.    Prior to the trainings, the trainer shall be allowed to familiarize himself/herself with the allegations of this case by means of communicating with counsel for either party or reviewing documents provided by counsel of either party.

    25.    PAL Health agrees to provide EEOC with any and all copies of pamphlets, brochures, outlines or other written materials provided to the participants of the training sessions.

26. PAL Health shall certify to EEOC in writing within five (5) business days after each required training has occurred that the training has taken place and that the required personnel have attended. Such certification shall include: A) the dates, location and duration of the trainings; B) a copy of the registry of attendance, which shall include the name and position of each person in attendance; and C) a listing of all current employees as of the date of the training.

## RECORD KEEPING

27. For the duration of this Decree, PAL Health shall maintain and make available for inspection and copying by the EEOC all documents and records which refer or relate to employee complaints regarding alleged sexual harassment made subsequent to the entry of this Decree. Such records shall include the name of the complainant, the date of the complaint, what was alleged, the name of any witnesses, what actions PAL Health took to resolve the complaint, if any, and the resolution of the complaint.

28. PAL Health shall make all documents or records referred to in Paragraph 27 above available for inspection and copying within ten (10) business days after the EEOC so requests. In addition, PAL Health shall make available all persons within its employ whom the EEOC reasonably requests for the purpose of verifying compliance with this Decree, and shall permit the EEOC to enter PAL Health's premises during regular business hours for such purpose on five (5) business days advance business notice by EEOC.

29. Nothing contained in this Decree shall be construed to limit any obligation Defendant may otherwise have to maintain records under Title VII or any other law or regulation.

## REPORTING

30.     Every six months after entry of this Decree and for the term of this Decree, the Complaint Monitor shall provide to the parties, with a redacted copy filed with the Court, a written report containing a description of each complaint of sexual harassment, including the name of the complainant, the date of the complaint, what was alleged, the names of any witnesses, a summary of any investigation of the complaint, and the resolution of the complaint. The Complaint Monitor shall redact the names of all complainants, witnesses, or alleged harassers from the copy of the report filed with the Court. The first report shall be filed six (6) months after entry of the Consent Decree. The final report shall be filed twenty-one (21) calendar days prior to expiration of the Consent Decree.

31.     Every six months after the entry of this Decree and for the term of this Decree, PAL Health shall certify to the EEOC that the Notice required to be posted in Paragraph 10, above, remained posted during the entire six (6) month period preceding the certification.

## DISPUTE RESOLUTION

32.     In the event that either party believes that the other party has failed to comply with any provisions of the Decree, the complaining party shall notify the alleged non-complying party in writing of such non-compliance and afford the alleged non-complying party fifteen (15) calendar days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within fifteen (15) calendar days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF DECREE AND RETENTION OF JURISDICTION

33. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of three (3) years immediately following entry of the Decree, provided, however, that if, at the end of the three (3) year period, any disputes under Paragraph 32, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

34. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, assigns and successors of PAL Health.

35. Each party to this Decree shall bear its own expenses, attorney's fees, and costs.

36. If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

37. When the Decree requires the submission by Defendant of documents to the EEOC, they shall be mailed to: Ann Henry, PAL Health Settlement, Equal Employment Opportunity Commission, Chicago District Office, 500 West Madison Street, Suite 2800, Chicago, Illinois 60661. When the Decree requires the submission by the EEOC of documents, they shall be mailed to: Barry Hartstein, Morgan, Lewis & Bockius LLP, 77 W. Wacker Dr., 5th Floor, Chicago, IL 60601.

For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
500 W. Madison St., Ste. 2800
Chicago, IL 60661
(312) 353-8558

s/ John Hendrickson
John Hendrickson
ARDC # 1187589
Attorney for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street, Suite 2800
Chicago, Illinois 60661
Telephone: (312) 353-8551
Fax: (312) 353-8555
E-Mail: john.hendrickson@eeoc.gov

s/ Ann Henry
Ann M. Henry
ARDC # 6272394
Attorney for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street, Suite 2800
Chicago, Illinois 60661
Telephone: (312) 353-8558
Fax: (312) 353-8555
E-Mail: ann.henry@eeoc.gov

s/ Diane Smason
Diane I. Smason
ARDC # 6626130
Attorney for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street, Suite 2800
Chicago, Illinois 60661
Telephone: (312) 353-7526
Fax: (312) 353-8555
E-Mail: diane.smason@eeoc.gov

For PAL HEALTH TECHNOLOGIES, INC.
MORGAN, LEWIS & BOCKIUS LLP

s/ Mark S. Dichter
Mark S. Dichter
ARDC #04399
Attorney for Defendant
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: (215) 963-5291
Fax: (215) 963- 5001
Email: mdicter@morganlewis.com

s/ Daniel R. Begian
Daniel R. Begian
ARDC # 0312546
Attorney for Defendant
The Lowenbaum Partnership
222 South Central Avenue, Suite 901
St. Louis, MO 63105
Telephone: (314) 746-4850
Fax: (314) 746-4848
E-mail: drb@lowenbaumlaw.com

s/ Barry A. Hartstein
Barry A. Hartstein
ARDC #01147048
Attorney for Defendant
MORGAN, LEWIS & BOCKIUS LLP
77 W. Wacker Dr., 5th Floor
Chicago, IL 60601
Telephone: (312) 324-1140
Fax: (312) 324-1001
E-mail: bhartstein@morganlewis.com

ENTER:

DATE:

s/Judge Joe B. McDade

11/29/05

The Honorable
Judge Joe Billy McDade
United States District Judge
15

**EXHIBIT A**

## RELEASE

In consideration for $ _____ paid to me by PAL Health Technologies, Inc., in connection with the resolution of <u>EEOC v. PAL Health Technologies, Inc.</u>, 04-1337 (C.D. Ill.) I waive my right to recover for any claims of sexual harassment or constructive discharge arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et seq</u>. and the Civil Rights Act of 1991, 42 U.S.C. §1981a, that I had against PAL Health Technologies prior to the date of this release and that were included in the claims alleged in EEOC's complaint in <u>EEOC v. PAL Health Technologies, Inc.</u>, 04-1337.

Date: _____     Signature: _____

**EXHIBIT B**

## NOTICE TO ALL PAL HEALTH EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in EEOC v. PAL Health Technologies, Inc., Case No. 04-1337, resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against PAL Health.

In its suit, the EEOC alleged that PAL Health discriminated against female employees by subjecting them to a sexually hostile work environment and constructively discharging them.

To resolve the claims against PAL Health, PAL Health and the EEOC have entered into a Consent Decree which provides, among other things, that:

1) PAL Health will pay monetary relief to a class of former employees;

2) PAL Health is enjoined from discriminating against women on the basis of sex and from subjecting women to sexual harassment;

3) PAL Health is enjoined from retaliating against any person because (s)he opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination or participated in any Title VII proceeding;

4) PAL Health will provide mandatory training to employees regarding sexual harassment, including the President and CEO, Jeffrey Schoenfeld; and

5) A Complaint Monitor will be appointed to oversee the investigation of complaints of sexual harassment for the duration of the Consent Decree

EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, and age. If you believe you have been discriminated against, you may contact EEOC at (312) 353-2713. EEOC charges no fees and has employees who speak languages other than English.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

**This Notice must remain posted for three (3) years from the date below and must not be altered, defaced of covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: PAL Health Settlement, EEOC, 500 West Madison Street, Suite 2800, Chicago, IL 60661.**

11/29/05
Date

s/Joe B. McDade
The Honorable Judge Joe Billy McDade